I think that the issue today is, at least I believe, pretty simple, or at least I hope that it is. I mean, the issue being, does the prior reference disclose a point of sale terminal that's configured to receive data indicative of gratuity? And I think along this path, one of the issues that I confront when I start to think about it is based on the way that under the Patent, Trial, and Appeals Board, the PTAB went, and then it's looking at was it reasonable for the PTAB to characterize a perceived confirmation of a total charge amount as such a device simply because the amount can be utilized or compared to a subtotal, that total can be compared to a subtotal to determine a gratuity, even though that's never actually done in the prior art. Now when I start to think about this, as I do with many of the legal issues sometimes, it starts to get rather abstract for me, so to try and make it a little more concrete, I took a trip to a fine dining establishment you may be familiar with, Chili's. And the reason I went to Chili's aside from the bottomless chips was that they had devices on the table that are very similar to the prior art devices. And these devices let you, you know, at your table, order food, afterwards you can pay, you can slide your card, you can specify a gratuity percentage. So the other day I had a total amount that was charged for my card of $18.19. And so kind of the question that I ask myself from that is, you know, that total amount that's charged for my card, and that, you know, in accordance with the method of freighter would be kind of communicated back to that point of sale terminal. Did you enter a tip when you, before you slid your card? Well, you slide your card actually, and then you can specify a tip. In this case, I actually, because I had this in mind, I went ahead and entered a tip of zero and then left this $20 on the table. And that's not... You left $20 on the table for an $18 lunch? Yeah, I was kind of shy. I felt like... Okay, keep going. Yeah. Well, the only reason I did... You're questioning your economics. I know. The economics makes a terrible decision. Logically, my only thinking was that it was actually bigger than the bill itself, which means that the, you know, that charge total doesn't even necessarily indicate that the gratuity is less than the total amount. I mean, it doesn't really tell you anything about it. But I mean, the... You've given us an example where you don't enter the gratuity. Yeah. Okay. How about if you had entered the $2 or the difference into it? I think that it's still not going to be, and I kind of use that as a jumping off point. Not going to be what? I still think that it's not indicative. And the reason I think it's not indicative, so you have this... Let's imagine that I had entered $2 or, you know, $5 instead as a tip. I don't want to make myself seem cheap. So I'd enter $5 as a tip, and so, you know, that $18.19 is going to be $13.19 plus a $5 tip. I still don't think that just that total, that total charge amount is going to be indicative of the gratuity as it's construed, because I think that, you know, when you're simply... You're saying that that doesn't... There's no data indicative of the gratuity? I don't think the data itself, just in terms of that magnitude of the charge amount, is indicative of the gratuity. And the reason that I don't think so is because I think that the reason that the PTAB used to arrive at that result is simply because it combined with other information or other data to determine the gratuity. If you accept that, I think it leads to absurd results. And the reason I think it leads to absurd results is, you know, let's look at the component pieces of what's going on there. So you've got this subtotal, you know, in the simplest example, you've got the subtotal before gratuity, and then you've got the total after the gratuity. So in the example the PTAB dealt with, you know, you're getting back the data that is the total, and they're saying that that's indicative of the gratuity. What about the subtotal itself? What if instead you were looking at the subtotal? Can you say the subtotal is indicative of the gratuity? Because it's the same thing, right? You can compare it to the total to determine the gratuity. So as a result, you know, under the same logic and the argument that the PTAB used, you could say that the subtotal itself was indicative of the gratuity. Well, you can go a step further too. So that subtotal includes, you know, say I got a cheeseburger and fries and a milkshake. Well, you could say that, you know, that component bill, that charge, includes the price of a cheeseburger. So you could say that, you know, it is the price of a cheeseburger if you combine it with the price of the fries. Can you state your argument in terms of what we're looking at here, in terms of the prior art reference? Yes. I mean, I appreciate your examples, but I'm really interested in seeing how you relate those examples to the facts of this. Got it. So I think the prior art reference is receiving back the total as indicative of gratuity. It is? Sorry, my apologies. Receiving back the total is receiving back the total charge amount. And the argument that the PTAB made was that that's indicative of gratuity because it can be compared to other information at the device. I think the problem with that conclusion is that, like I said, it leads to absurd results if you use that as the entire basis. If you accept their definition that something is indicative of gratuity simply because it can be compared to other pieces of information that are known there to determine the gratuity, then I think that you can look at any component part of the bill as being indicative of gratuity under the same logic. You could look at the subtotal as being indicative of gratuity because you can compare it to the grand total that you know, and as a result, you can arrive at the gratuity. You can take, you know, like I said, you can take the price of any individual item within a meal and compare it to, you know, or combine it with your knowledge of what the other component parts of that bill are and determine the gratuity. Basically, the gratuity is just one piece or one part of this total, this resulting total, and that you can't say that it indicates that any more than it indicates what you had for lunch. It doesn't indicate that you had a cheeseburger for lunch. It doesn't indicate what the price of any individual item you ordered is. It's just a grand total, and it doesn't really provide… So here, if we look at the Frater card reference, and it's a touch screen. When you look at Figure 4, it displays an itemized charges. So you have itemized charges including the gratuity and the total amount charged. Are you saying that that display does not contain data indicative of a gratuity? Oh, it totally does. That exactly, but the thing is, so the claimant's side is receiving data indicative of a gratuity from a card issuer. And so that's not coming from the card issuer. That's from the patron in the restaurant. That's like when you're sitting in the restaurant and putting a gratuity percentage, it's coming from the patron. It's interesting because that was actually the original rejection the examiner made, was saying that the data indicative of a gratuity was received at the terminal, and I pointed out that it was in fact received from not the card issuer. It was actually received from the patron in the restaurant. That data indicative of a gratuity, in fact, and this is why… Does a creditor, does a bank, for example, does it authorize that charge, a complete charge? I believe that it does. I mean it would authorize the complete total. If I go to Chili's and have a bowl of chili, I pay for my meal, I add $3 tip on there, and then it goes to the bank, the credit card processing, and the bank authorizes a charge. And let's say it authorizes $18. Does that $18, does it contain a data indicative of a gratuity? I would say not because, for instance, the solicitor offered the definition of something being indicative of a signed symptom or index, and I would say that it's hard to say that that amount right there indicates anything or is a signed symptom of index or the gratuity in any way. In other words, I don't see how it points to, tells you anything instructive about, or in any way indicates anything. And I'm not saying that it has to tell you exactly in order to be indicative. It would have to tell you exactly what the gratuity value is. I'm just saying that it needs to, at a base point, tell you something, anything. As it is, it can't even tell you whether a gratuity exists in that amorphous plot. I mean it can't even tell you whether that total includes a gratuity amount. So I don't think that there's any way to say, I mean under the solicitor's own definition, that it's really indicative of. Because I don't think it's offering a signed symptom or index, that there's even a gratuity included in that total charge information. The only reason you might know there's a gratuity included in that charge information is because you already know outside information. For example, at that terminal, that the customer put in a gratuity. And in point of fact, the terminal actually already knows what the gratuity amount is. So the comparison that the PTAB proposed doesn't even make any sense because it already knows that gratuity amount. There's no reason for it ever to use the total amount to compare it to the sub-total of the terminal gratuity. It already knows the gratuity at the outset. So I think, returning kind of to what I was saying, I think that that's where the PTAB errs. I mean I think that, and that's the contention that I have issue with. What kind of interpretation did the PTAB give here? Was it just a reasonable interpretation or the broadest reasonable interpretation? The PTAB said, it based its conclusion on the idea that because the data can be compared and it's possible to be compared, and I'm assuming it's using a broadest reasonable interpretation. Is that the correct interpretation? I think its interpretation is incorrect, and the reason why I think it's incorrect Not the interpretation, the standard they used for the interpretation. I think that a broadest reasonable interpretation still has to be within the context of specification or still has to be informed by the specification, and I think that's where they failed. Or at least that's one place that they failed. But I think the larger thing they failed at was they basically, they didn't just say that it's possible for something to be indicative of a gratuity even if it doesn't tell you it by itself. They said that because it can be combined with something else to determine it, it automatically is indicative of a gratuity. And that's where I'm trying to make my argument by absurdity that you can take any piece of information or any component piece in that bill and say that it's indicative of a gratuity under that framework. And because that's the premise they based their argument on, because it leads to the absurd result of considering the price of a cheeseburger or sales tax or something like that as being indicative of a gratuity, I think that the fact that it leads to an absurd result means it's simply not a reasonable conclusion. It's not a reasonable premise, and they based their conclusion on that. Okay. Do you want to save the rest of your time for rebuttal? Yes, please. Okay. We'll hear from the government. Your Honor, may it please the Court? Dictionaries in case law define the term indicate as meaning a sign or symptom or to imply or suggest a fact. These sources confirm that the term has a broad compass and can include providing information indirectly, such as when other information also must be considered in combination in order to reveal a fact. It is undisputed that Frater describes transmitting the total amount of a bill, which includes the gratuity. Because a customer using the invention would already know the original amount of his bill, that customer could then apply the total amount and using simple subtraction readily identify the amount of the gratuity Because Frater therefore discloses providing information that would allow a customer to readily, though indirectly, identify the amount of a gratuity, Frater discloses providing information that is indicative of a gratuity as that term was broadly, though reasonably, defined by the Board. This concludes my planned presentation. Unless the Court has any questions for me? I don't understand why this is indicative of a gratuity. Because it allows you to readily identify the amount of a gratuity. Only if you're the same customer that inputted the amount. There's no reason that it envisions one customer using the invention. The same customer who got the original bill would be the one applying the gratuity. I don't understand how data that is the total is indicative of a gratuity. It doesn't even tell you whether a gratuity is or is not present. It certainly doesn't give you any indication of the amount of gratuity. Nothing. For the customer using the invention, who would know the original amount of the bill... But that's the problem. I don't see how you can require and import that into your claim limitation. I mean, that's like saying, you know, I don't know. It's reading the claim in light of the specification, Your Honor. The specification contemplates a customer using this invention. That customer would already know the original amount of his bill. I'll concede that that amount is not the same thing as the gratuity. But the claims don't require disclosing the amount of the gratuity or the actual amount. They add the term indicative. Indicative broadens the term and it allows it to... Yeah, but I assume it means like 15% rather than $3. Or, you know, it gives you data that is indicative of the gratuity. I don't know how to say it other than to use the word because it just seems like a word with such clear meaning to me. Your Honor, if I could use... Why did the PTO not reject this claim? Is it obvious? You sure wish they did, don't you? Your Honor, I'm very happy to defend the rejection as before. The examiner concluded all of the limitations of the claim, including indicative of gratuity, are within Frader. And I would refer the court to Frader itself at page A40 in the record. At figure 4, for example, Frader describes a practical example where the original amount is given, a total of $5 for the hamburger and iced tea, and then the grand total is given, $6. The customer using this invention in the context of these claims, once he was told that the total was $6, with simple subtraction, immediately identified that the tip, the gratuity, must have been $1. It's as simple as that, Your Honor. Indicative of... In both the invention and under Frader, somebody's got to enter the gratuity amount, correct? Yes. And normally it's that person who owns the credit card. Yes, Your Honor, yes. Frader discloses suggesting typical gratuities, for example, for a type of establishment, and then adjusting that gratuity through arrow keys, so there is some assistance to it. But, yes, in all of these, in both the claim dimension and the prior art, it's the customer who ultimately has some control, obviously, over the gratuity. So just out of curiosity, does Frader...  That should be indicative of the gratuity. Does Frader print the amount owed and the gratuity as required by the claim? Frader does disclose printing a receipt that shows both the gratuity and the amount. This is at paragraph 54 of Frader. How could it not electronically transmit the gratuity, but have the gratuity nonetheless printed? The Board appears to have found that the transmitting back from the card issuer occurs as part of the credit confirmation process, and the Board concluded that that process, or, frankly, just simply whatever was transmitted back from the card issuer, is simply the total amount. I say the word apparently because these issues haven't developed because, frankly, the teachings and findings of Frader have not been disputed, either in Appellant's opening brief or in his reply brief. The Board's finding that Frader discloses transmitting the total amount has not been part of this appeal. The only issue before this Court is claim construction. Is the term indicative, broadly but reasonably construed, to indicate indirectly, indicating to you the amount of the gratuity? But how does it indicate the amount of the gratuity? Because if you know the original amount, for example, Frader's Figure 4, if you know that the original amount was $5 and you're told the total with the tip is $6, you know the gratuity must have been $1. Okay. Do you have anything further? I think... Does it print both the amount owed and then the gratuity separately? Are you talking about the Frader reference? I believe that it does print both the amount owed and the gratuity separately. So if it prints the number that constitutes the gratuity separately, how is it not electronically transmitting or electronically received through the second interface from the particular card issuer, data indicative of the gratuity? How is that not happening? Because it actually gets the data indicative of the gratuity from the patient itself. So in other words, it's that language from the card issuer. The question is, where is it getting that data indicative of the gratuity? How is it determining the gratuity? And I think that's really a good question because that's the crux of the difference between the prior art invention and the invention here in that the inventor here, or the claim here, is receiving gratuity data, data indicative of gratuity, somewhere remotely from a server, and that's kind of what's walked through the entire specification. Whereas in the freighter, the prior art reference, that data is being input by a patron the same as it is conventionally with a... Even if we were to agree with your interpretation that it's indicative of a gratuity and conclude that, in light of that interpretation, there isn't actually anticipation, this is like the tiniest variation from a prior art. Why are we here? Why wouldn't this... You're going to go back and they're going to... Unfortunately, I have to answer that we're here because we have tried... We have three different cases with the PTO and we have tried to engage in dialogue with the examiner to get a reasonable rejection and we're simply unable to do so. And as a result, we can't engage and continue the process of amending and working with them and discovering the prior art that we need to actually be cognizant of when we're faced with this rejection, which we think is absurd on its face and isn't the same thing as what we're dealing with. But even if you're right on anticipation, I don't see how this claim isn't obvious in light of this exact reference. So how does it help you to go back and just have this claim rejected under obviousness? It's a good question. I think that at that point we would take a look at it and I would say we probably would amend it. Could we have amended it or maybe should we have amended this claim already? I think that there's a very good chance we maybe should have, that we should have amended it knowing that there's a good chance an obvious rejection would just be entered. Obviously that's not the issue before at the moment, but I can't say that I disagree. I mean, I can't say that I look at this claim and think that it's the most novel thing I've ever seen. I can only tell you that when I look at this claim and I look at the prior art reference, I don't think there's a valid anticipation rejection here and I don't think the board's anticipation rejection was proper. Okay. Does this case depend on what standard or review we adopt? Well, I actually tried not to make it do that and I tried to give the most friendly standard for the other side and I did that by not arguing this is mainly a claim construction thing and instead just basically focusing on the fact that I think the factual determinations or the conclusions of the PCAP panel are just clearly erroneous or not reasonable and I think they're not reasonable because they lead to absurd results and I think that it's really hard to outline it because as Your Honor was saying, it's just a question of when you look at what indicative means, it just seems strange to think that a total is indicative of a gratuity when what's indicative of a gratuity in the prior art reference and the data indicative of a gratuity is actually being received from the patron, not from the card issuer. Thank you. Thank you both. Counsel, the case is taken under submission.